

# IN THE
# TENTH COURT OF APPEALS

No. 10-16-00350-CV

## IN THE INTEREST OF M.J.B., S.D.B., D.M.B., AND C.L.B., CHILDREN

From the County Court at Law
Hill County, Texas
Trial Court No. 52399

## MEMORANDUM OPINION

Michielle appeals from a judgment that terminated her parental rights to her children, M.J.B., S.D.B., D.M.B., and C.L.B. Tex. Fam. Code Ann. § 161.001(b) (West 2014). Because we find that the evidence was legally and factually sufficient to support the trial court's finding that termination was in the best interest of the children, we affirm the judgment of the trial court.

After a bench trial, the trial court found that Michielle had committed the predicate grounds as set forth in Section 161.001(b)(1)(D), (E), (N), and (O) and that termination was in the children's best interest. In one issue, Michielle complains that the evidence was legally and factually insufficient to support the finding that termination was in the children's best interest.

**STANDARD OF REVIEW**

We review the legal and factual sufficiency of the evidence for best interest pursuant to the well-established standards of review set by the Texas Supreme Court. *See In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) and *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002) (legal sufficiency); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) and *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency). In determining the best interest of a child, a number of factors have been considered which have been set out in the Texas Supreme Court's opinion, *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). This list is not exhaustive, but simply indicates factors that have been or could be pertinent. *Id*. There is no requirement that all of these factors must be proved as a condition precedent to parental termination, and the absence of evidence about some factors does not preclude a factfinder from reasonably forming a strong conviction that termination is in the children's best interest. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Evidence establishing one of the predicate grounds under section 161.001(1) also may be relevant to determining the best interest of the children. *See id*. at 27-28.

**RELEVANT FACTS**

While being investigated for possible abuse and neglect of her children in March of 2015, Michielle informed the Department about her long history of drug use and that she had lost custody of several other children due to her drug use. She tested positive for methamphetamines at the time of the initial investigation. She agreed to a voluntary placement with her grandmother conditioned on Michielle refraining from using drugs.

Subsequently, she tested positive for methamphetamines and amphetamines, and the Department removed the children.

During the pendency of the case, Michielle tested positive for methamphetamine seven out of 19 times. She also admitted to using Xanax, which was prescribed to someone else, smoking hash, smoking and snorting cocaine, and ingesting ecstasy. Visitation with her children was regular until her last positive drug test in August of 2016. Consequently, as of the time of the trial in October of 2016, she had not visited with her children since July.

Michielle had mental health issues and was not consistently taking her prescribed medication. Her psychological evaluation indicated that she was incapable of independently parenting.

Michielle did not have stable employment. She worked for her boyfriend when he had work and made only $50 a day. At the time of the trial, she had recently been released from a drug rehabilitation center and was looking for work. Michielle did not have a stable and safe home as well. In August of 2016, her home was very cluttered. There were prescription bottles from other people that were in the home. There were roaches and bugs crawling across the floor. There was animal feces in the house. After her release from the rehab center, she moved in with her boyfriend, his mother, and his grandmother. The boyfriend had a history of drug use and was a felon. Michielle had no immediate plans for her children if she regained custody and thought there might be a room available for them at her boyfriend's house.

The children live together in a foster home where they are doing well. They are able to carry on conversations with Department workers and be attentive and respectful. The foster parents would be able to adopt the children if the court terminated Michielle's parental rights.

Although Michielle successfully completed drug rehabilitation in the weeks before the trial and realized that she had not taken care of her children but had the tools to do so now, the Department believed her actions came too late. Michielle had seven other children that were no longer in her care and had intervention by the Department every year since 1999. Further, because of her history with on again, off again drug use and her history of not taking her mental health prescriptions, the Department would need more time to evaluate whether the children could be returned to Michielle.

**CONCLUSION**

Considering the *Holley* factors and applying the above referenced legal standards, we find that the evidence was legally and factually sufficient to support the trial court's finding that termination of the parent-child relationship was in the best interest of M.J.B., S.D.B., D.M.B., and C.L.B. Michielle's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins

Affirmed
Opinion delivered and filed February 15, 2017
[CV06]

